# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONNIE TURNER, #884-206, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-16-2692 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

Ronnie Turner, currently confined at the Eastern Correctional Institution in Westover, Maryland, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges Turner's 2012 conviction in the Circuit Court for Baltimore County, Maryland for second-degree rape and related charges. ECF No. 4. Respondents urge this Court to deny the Petition, contending that Turner's claims are not cognizable, are procedurally defaulted, and otherwise fail on the merits. ECF No. 10. Turner filed a Reply as well as a supplemental Reply, pursuant to this Court's order to address procedural default. ECF Nos. 11, 17. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Loc. R. 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Court dismisses Turner's petition and declines to issue a certificate of appealability.

I.    **Procedural Background**

Turner was charged in the Circuit Court for Baltimore County with committing several sex offenses involving a minor victim. *See* ECF No. 10-1; ECF No. 1-1. When Turner initially appeared on September 18, 2012, he elected a jury trial. *See* ECF No. 10-10 at 10. The trial was

1

then assigned to Judge Nancy Purpura, *see* ECF No. 10-10 at 10. On defense counsel's advice and suggestion, Turner opted for a bench trial before Judge Purpura. *See* ECF No. 11 at 16–17. Judge Purpura engaged Turner in the following colloquy regarding waiver of his jury trial right:

> [PROSECUTOR]: . . . Your honor, calling State versus Ronnie Turner K-11-5168. This case originated in front of Judge Ballou-Watts. The Defendant elected a jury trial in front of her honor and it's now made it's [sic] way to your honor.
>
> [COURT]: Okay. And my understanding now is the election is changing and that it's, it's gonna be an election for a Court Trial. Is that correct, [defense counsel]?
>
> [DEFENSE COUNSEL]: That is correct your honor.
>
> [COURT]: Would you advise your client?
>
> [DEFENSE COUNSEL]: Be happy to. If your honor please, Lee Jacobson on behalf of Mr. Ronnie Turner who's standing to my left. Mr. Turner when we were last before Judge Ballou-Watts, we indicated that this case would be tried in front of a jury. And I advised you at that time that you had an election to make as to whether a Court or Jury Trial would be prayed. The jury trial is in front of twelve persons whom you would help to select from the motor and voter roles [sic] of Baltimore County, who after listening to all the evidence presented by the State and any evidence presented by the Defense would all have to agree, beyond a reasonable doubt in order to convict you or find you not guilty. If one person of that jury panel could not make - - reach a decision or decided adverse to the other eleven, that would be a hung jury and the State would make a decision whether to retry the case. You understand that?
>
> MR. TURNER: Yes.
>
> [DEFENSE COUNSEL]: Conversely, a Court Trial, a Judge alone using the same standard of beyond a reasonable doubt would make a decision after hearing all the evidence presented by the State and the Defense. We initially told Judge Watts - - Ballou-Watts, that we intended to have this case tried in front of a jury. We've indicated to Judge Purpura that that election has changed. Is that correct?
>
> MR. TURNER: That's correct.
>
> [DEFENSE COUNSEL]: Is it your decision now to have the case tried in front of jury or Judge Purpura?
>
> MR. TURNER: Judge Purpura.

2

>[COURT]: All right. Thank you. The jury trial has been waived and it will be a Court Trial and I'll enter a plea of not guilty on his behalf to all charges.
>
>[DEFENSE COUNSEL]: Thank you your honor.

ECF No. 10-2 at 2–3.

After four days of trial, Judge Purpura found Turner guilty of the offenses with which he had been charged. On November 13, 2012, Turner was sentenced to 20 years' imprisonment. ECF No. 1-1 at 3–9.

Turner appealed his conviction to the Court of Special Appeals of Maryland, arguing that under Maryland Rule 4-246(b) and in light of a recent Maryland Court of Appeals Case, *Valonis v. State*, 431 Md. 551 (2013), the trial court erred by not announcing on the record that Turner's waiver of his jury trial right was knowing and voluntary. The Court of Special Appeals, relying on *Valonis*, reversed Turner's conviction, finding that the trial court's failure to announce specifically whether it found Turner's waiver was knowing and voluntary had violated Maryland Rule 4-246(b) and required a new trial. *See* ECF No. 1-1 at 3, 6–7. The State sought certiorari to the Maryland Court of Appeals, arguing that *Valonis* did not relieve a criminal defendant from objecting contemporaneously at the waiver hearing to preserve for appellate review any deficiencies in the Rule 4-246(b) colloquy. *See* ECF No. 10-6 at 2, 6–8. The State further argued that, in the event the issue was preserved despite Turner's counsel's failure to object, the proper remedy was a limited remand on the issue of waiver, rather than a new trial. *See* ECF No. 10-6 at 2, 8–11. The Court of Appeals granted the State's petition and remanded Turner's case for further consideration in light of the post-*Valonis* cases, *Nalls & Melvin v. State*, 437 Md. 674 (2014), *Szwed v. State*, 438 Md. 1 (2014), and *Morgan v. State*, 438 Md. 11 (2014). These cases together clarified that a defendant was required to object contemporaneously to the trial court's

failure to make an on-the-record finding that waiver of his jury trial right was knowing and voluntary. *See* ECF No. 10-8 at 4; ECF No. 10-11 at 3; *see also infra* Section I.B.

On remand, Turner argued that the trial court committed reversible error by failing to ask Turner whether his jury trial waiver was voluntary, and argued that this issue was preserved for review despite the lack of contemporaneous objection. *See* ECF No. 10-9. The State, once again, contended that no record evidence suggested Turner's waiver was *not* knowing and voluntary and that, in any event, the issue was not preserved. *See* ECF No. 10-10. On October 14, 2014, in an unreported opinion, the Court of Special Appeals affirmed Turner's convictions, specifically holding that in light of the Court of Appeals' post-*Valonis* cases, Turner's failure to object contemporaneously at the time of the colloquy rendered the issue "not preserved for review. Consequently, the issue of the trial court's adherence to Rule 4-246(b) in this case is not properly before the Court." *See* ECF No. 10-11 at 3, 5–8. The Court of Special Appeals affirmed Turner's conviction and declined to address whether the change in election "triggers an in-depth examination by the court." ECF No. 10-11 at 7–8. Turner did not seek further review of this decision on direct appeal.

On February 2, 2015, Turner filed a petition for post-conviction relief in the Circuit Court for Baltimore County. ECF No. 10-1 at 12. In this petition, Turner argued that his trial counsel was ineffective for not objecting contemporaneously to the trial court's failure to make explicit findings that Turner's jury trial waiver was knowing and voluntary, as Rule 4-246(b) requires. Turner also argued that counsel coerced Turner into waiving his right to a jury trial and failed to communicate with Turner or prepare for trial. *See* ECF No. 4 at 2; ECF No. 10-12. After a hearing, the court denied Turner's petition, finding that counsel was not ineffective. ECF No. 10-12 at 8. Turner sought leave to appeal solely the court's determination related to counsel's

failure to object to the colloquy as deficient under Rule 4-246(b), abandoning the other two claims. *See* ECF No. 10-13 at 2–3. The Court of Special Appeals declined review. ECF No. 10-14 at 2.

Turner now petitions for a writ of habeas corpus in this Court, arguing that: (1) the trial court failed to comply with Maryland Rule 4-246(b); (2) trial counsel was ineffective for failing to object to the trial court's noncompliance with Maryland Rule 4-246(b); (3) once the case was remanded to the Court of Special Appeals, that court erred by denying him a new trial; and (4) the trial court erred in accepting his jury trial waiver as knowing and voluntary. *See* ECF No. 4; ECF No. 11.

This Court begins with the cornerstone of this petition, Maryland Rule 4-246(b) and the state court's treatment of its requirements.

## II. Maryland Rule 4-246(b)

Maryland Rule 4-246(b) governs the trial court's procedure for accepting a criminal defendant's waiver of his right to trial by jury. It provides:

> A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that the waiver is made knowingly and voluntarily.

Md. Code Ann., Md. R. 4-246(b).

Relevant to this proceeding, Rule 4-246(b) had been amended in 2008 to make clear that the trial court must expressly find on the record at a hearing that a defendant's waiver is knowing and voluntary. *Valonis*, 431 Md. at 562. The Court of Special Appeals in *Valonis*, decided on May 20, 2013 (after Turner was sentenced), held that the amendment to the Rule "ensures that an explicit determination is made and enhances our review of what actually transpired in the trial

court. In turn, the reviewing process will become more streamlined and efficient." *Id.* at 565. Because a defendant maintains a constitutional right to be tried by a jury, the amendment was intended to "provide[] further safeguards to ensure that the decision is in actuality the defendant's own knowing, voluntary, and personal choice." *Id.* at 563. Consequently, the *Valonis* Court vacated the conviction and remanded for a new trial without reaching whether contemporaneous objection at the waiver hearing was required to preserve the issue for appellate review.

The Court of Appeals subsequently addressed the question of waiver head-on through *Nalls*, *Szwed*, and *Morgan*, all of which were published the same day. In *Nalls*, the Court of Appeals emphasized the constitutional import animating Rule 4-246 to require that express findings are made at the waiver hearing. 437 Md. at 685-90; *see also Szwed*, 438 Md. at 6. The Court also reversed and remanded *Nalls* in an exercise of its discretionary authority. However, most salient for this case, *Nalls* made clear that "[g]oing forward," failure to object contemporaneously to the trial lack of findings under Rule 4-246(b) will result in the defendant having waived the issue for future review. *Nalls,* 437 Md. at 693. The Court in *Szwed* similarly acknowledged the constitutional import of the record Rule 4-246 findings, but held that *Valonis* did not create a general exception to the contemporaneous objection requirement. *Szwed,* 438 Md. at 5. The Court of Appeals nevertheless exercised its discretionary authority to review the merits of that case, as it did in *Valonis* and *Nalls*. *Id.*[1]

---

[1] *Morgan* was silent on whether contemporaneous objection at the Rule 2-426 colloquy was required. *Morgan,* 438 Md. at 13.

### III. Standard of Review

Turner now asks this Court to review his claims pursuant to 28 U.S.C. § 2254. This Court may grant a petition for a writ of habeas corpus only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). In this regard,

> a federal court reviewing a habeas petition that has already been adjudicated on the merits in state court [must] give considerable deference to the state court decision. A federal court may not grant habeas relief unless the state court arrived at a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Nicolas v. Atty. Gen. of Maryland*, 820 F.3d 124, 129 (4th Cir. 2016) (internal quotation marks and citation omitted) (quoting 28 U.S.C. § 2254(d)). This Court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and the Court "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id.*

For a state court's decision to be contrary to established federal law, the state court must have arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or must have confronted facts that are "materially indistinguishable from a relevant Supreme Court" case but nevertheless arrived at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005); *Barnes v. Joyner*, 751 F.3d 229, 238 (4th Cir. 2014). As to an unreasonable determination, a federal court "may not issue the writ simply because [the Court] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Lovitt*, 403 F.3d at 178 (quoting *Williams*, 529 U.S. at 411). Rather, the state court's application of federal law must be *unreasonable*, not merely incorrect. *Id.*; *see Barnes*, 751 F.3d at 238–39 (state court's decision is

an unreasonable application of clearly established federal law when the state court identifies the correct governing principle but unreasonably applies that principle to the facts; application of federal law must be objectively unreasonable, not merely incorrect).

At base, for a § 2254 claim to be cognizable, the petitioner must assert a violation of federal statutory law or of the United States Constitution. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted). "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 135 S. Ct. 2187, 2022 (2015) (internal marks and citations omitted).

A further requirement for federal habeas review is that the petitioner must have first exhausted his right to relief in state court. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). In Maryland, a claim may be exhausted either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (stating that exhaustion requirement is satisfied by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. To exhaust a claim through post-conviction proceedings, the claim must be raised

8

in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See id.*; Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, then no further review is available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

As a further precondition to federal review, a properly presented and exhausted claim must not be procedurally defaulted. Procedural default occurs when the petitioner failed to present the claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001) (quoting *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998)). Procedural default also occurs when a state court declines to consider the merits of a claim on the basis of an adequate and independent state procedural rule. *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). To overcome a procedural default, the petitioner must demonstrate cause and prejudice, or that a failure to review the claim will result in a fundamental miscarriage of justice. *Gray*, 806 F.3d at 798. With these principles in mind, the Court turns to Turner's claims.

**IV.     Discussion**

Turner's four claims are rooted in the trial court's failure announce on the record that Turner's waiver of his jury trial right was knowingly and voluntarily pursuant to Maryland Rule 4-246(b). Respondents contend that Turner's claims, with the exception of the ineffective assistance claim, are procedurally defaulted or are not cognizable.[2] As to ineffective assistance,

---

[2] Respondents do not assert that Turner has available direct appeal or state post-conviction remedies for any of the claims raised here. ECF No. 10, p. 10. Although Turner did not seek further review of the Court of Special

9

Respondents argue that trial counsel was not deficient and the post-conviction court's determination was correct. Lastly, Respondents contend that the record evidence shows Turner had entered a knowing and voluntary waiver, and Turner has not provided evidence to the contrary. The Court addresses each of Turner's claims below.

### A. The Trial Court's Failure to Comply with Rule 4-246(b)

Turner's first argues that the trial court's failure to comply with Rule 4-246(b) justifies granting his requested relief. Although this Court agrees that the trial court did not comply with Rule 4-246(b), Turner waived the right to challenge this error because he failed to object at the time. *See Nalls*, 437 Md. at 685-90. Accordingly, the Court of Special Appeals declined to reach the merits of the claim. *See* ECF No. 10-11, p. 7.

As previously discussed, a claim is procedurally defaulted where a state court declines to reach the merits because of an adequate and independent state procedural rule. *Gray*, 806 F.3d at 798; *Yeatts*, 166 F.3d at 260. Procedural default on this basis applies here. Because Turner failed to object contemporaneously to the trial court's error, and that failure to object led to the Court of Special Appeals dismissal without reaching the merits, the same claim is procedurally defaulted. *See Wainwright v. Sykes*, 433 U.S. 72, 85–90 (1977) (finding there could be no habeas review of a claim regarding the admission of a coerced statement due to defendant's failure to object contemporaneously).

Even if Turner's procedural default were excused, the claim itself fails to present a question of federal or constitutional law sufficient to justify habeas relief. Construed most favorably to Turner, his claim is a challenge to the sufficiency of the Rule 4-426 colloquy. However, the rule violation itself does not automatically entitle petitioner to habeas relief. He

---

Appeals' decision on remand, he filed a petition for post-conviction relief, which the circuit court denied and which the Court of Appeals declined to review. Thus, Turner has exhausted state court remedies.

must also demonstrate that the state rule violation infringes upon a specific constitutional right that amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (internal marks and citation omitted); *Sumrall v. Simms*, 230 F.3d 1354, 2000 WL 1283077, at *1 (2000) (per curiam).

Turner asserts that the trial court's failure to follow Rule 4-246(b) infringed on his Due Process rights. ECF No. 11 at 9, 11. Turner's argument misses the mark. Rule 4-246(b) is a procedural rule designed to aid the appellate courts in reviewing the sufficiency of jury trial waivers. *Nalls*, 437 Md. at 688; *Valonis*, 431 Md. at 565. Rule 4-246 sets out the procedure for memorializing the waiver, but it does not itself vest Turner with an independent constitutional right stemming from having his waiver memorialized in a particular way. The Court, therefore, cannot conclude that the trial court's lack of compliance with Rule 4-246(b) alone amounts to a violation of a constitutional right.

To be sure, Turner's right to be tried by a jury implicates the Sixth and Fourteenth Amendments of the United States Constitution. *See Field v. Sheriff of Wake Cty., N.C.*, 831 F.2d 530 (4th Cir. 1987). But Turner "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution, including . . . the right to a jury trial." *United States v. Jennings*, 323 F.3d 263, 275 (4th Cir. 2003) (internal marks and citations omitted), so long as the waiver is knowing and voluntary. *Id.* at 275–76.[3] Turner was advised on the record of his right to be tried by a jury and all of the concomitant rights. He was further advised that trial before the judge only would essentially replace the jury with the court as finder

---

[3] Under both federal and Maryland law, a waiver of jury trial right must be voluntarily, knowingly, and intelligently made. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *see also Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008) ("The constitutional imperative is this, no less and no more: the waiver must be knowing, intelligent, and voluntary."). Indeed, the Maryland jury trial waiver procedure is more exacting than the federal requirement. *See* Md. Rule 4-246(b); *Boynes*, 515 F.3d at 286.

of fact. Turner was then expressly asked whether it was *his* decision to be tried by the judge instead of the jury and he responded "yes." That Turner came to this conclusion on the same day he was first advised of his jury trial right alone does not render his waiver involuntary. Without more, the record in this case does not support that Turner's waiver itself was constitutionally defective. *See United States v. Boynes*, 515 F.3d 284, 286 (4th Cir. 2008) ("Although we reiterate our view that it is much preferable for a district court to insure itself on the record before accepting the defendant's jury waiver, it is not a constitutional imperative."); *see also infra* Section III.D.

### B. Trial Counsel's Failure to Object

Next, Turner contends that habeas review is warranted because his trial counsel was ineffective for not objecting to the trial court's failure to follow Rule 4-246(b). This claim was raised and rejected during Turner's state post-conviction proceedings. *See* ECF No. 10-12 at 4, 6–7. Accordingly, the claim is properly before the Court.

Claims for relief premised on ineffective assistance of counsel are assessed under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, the petitioner must demonstrate both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Id.* at 687. A strong presumption of adequacy attaches to counsel's conduct such that a petitioner alleging ineffective assistance must show that the proceeding was rendered fundamentally unfair due to his counsel's errors. *Id.* at 689, 700. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

12

In the context of a *Strickland* claim previously litigated in state court and then raised in a federal habeas petition, a petitioner must additionally show that the state court's determination was contrary to or involved an unreasonable application of clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). "State court findings of fact made in the course of deciding an ineffectiveness claim" are presumptively correct. *Strickland*, 446 U.S. at 698; *see also* 28 U.S.C. § 2254(e)(1). The petitioner must rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, the state post-conviction court concluded that Turner's counsel was not ineffective because the Court of Appeals had not yet made clear that counsel was required to object contemporaneously at the time of Turner's waiver hearing. *Nalls* was the first such pronouncement, which occurred well after Turner's waiver hearing. ECF No. 10-12 at 6.[4] Accordingly, from counsel's perspective at the time of the waiver hearing, he could not have known of this requirement, and so cannot be determined ineffective.

As to prejudice, the post-conviction court held that there was no reasonable probability that, but for trial counsel's failure to object, the result at trial would have been different. ECF No. 10-12 at 6–7. The court reasoned that either the trial court "could have simply found and announced that [Turner] knowingly and voluntarily waived his right to a jury trial," or else would have inquired further only to discover evidence that showed that Turner's waiver was, in fact, knowing and voluntary. ECF No. 10-12 at 7.

---

[4] The language employed by the post-conviction court that "prior to the Court of Appeals' decisions . . . counsel was not required to object contemporaneously regarding a deficiency as to Rule 4-246(b)" has caused Turner some confusion. Turner contends that the post-conviction court erred because *Nalls* held that counsel was required to object at the time of the waiver hearing. Thus, in Turner's view, his counsel's failure to object constitutes ineffective assistance. However, counsel's performance must be assessed from *the time* of the waiver hearing. Counsel cannot be found ineffective for failing to follow *Nalls* when it had not yet been decided.

13

The post-conviction court's conclusion that trial counsel acted reasonably under prevailing state law at the time of Turner's trial forecloses relief on this claim. *See Estelle*, 502 U.S. at 67–68 (inquiry as to whether state court erred under state law "is no part of a federal court's habeas review of a state conviction"; federal court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Nor can the Court identify any aspect of the post-conviction court's reasoning that is contrary to or an unreasonable application of clearly established federal law, or that resulted in an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). In short, Turner's counsel was not ineffective for failing to raise an objection that was not clearly required at the time—even though it is now clear that such an objection was necessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995); *Lenz v. Washington*, 444 F.3d 295, 307 (4th Cir. 2006) ("the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law" (quoting *Kornahrens*)). Turner is not entitled to relief on this claim.

### C. Court of Appeals' Denial of a New Trial

Turner next challenges whether the Court of Special Appeals, on remand, erred in not granting Turner a new trial. Turner contends that "the post conviction court . . . explicitly ruled that counsel was not required to object contemporaneously regarding the deficiency as to Rule 4-246(b) in order to preserve that issue on appeal," which conflicts with the manner in which his case was treated on remand. ECF No. 11 at 15.

The Court agrees with Respondents that this claim, at base, is a recasting of Turner's assertion that the trial court erred in failing to follow Rule 4-246(b). Turner's argument is grounded in his confusion over how *Nalls* could impose the contemporaneous objection requirement but it not apply to his counsel. Turner also fails to appreciate that the Court of

Special Appeals on remand was given a discrete task: to review Turner's claim in light of *Nalls, Sved*, and *Morgan.* In doing so, the Court of Special Appeals adhered to the *Nalls* court's guidance and found that Turner's challenge was not preserved for review. *See* ECF No. 10-11 at 3, 5–8. Likewise, because the claim was not preserved in state court, it is procedurally defaulted now, and cannot be reviewed under § 2254.

### D. Whether the Trial Court Erred by Accepting Turner's Waiver

In his final claim for relief, Turner alleges that he was coerced into waiving his jury-trial rights, and that the trial court should have inquired into the voluntariness of his waiver. *See* ECF No. 4 at 3; ECF No. 11 at 16–17. Turner raised a similar argument on direct appeal, asserting that the trial court erred in accepting Turner's waiver given the short time between his initial prayer for a jury trial and choosing bench trial. *See* ECF No. 10-3 at 8–10; ECF No. 10-5 at 4–6; ECF No. 10-9 at 4–7. He did not contend, however, that his waiver was coerced either on direct appeal or in his post-conviction proceedings. This claim, therefore, is procedurally defaulted.[5]

Alternatively, even if the Court were to address the merits, no record evidence demonstrates that Turner's waiver was coerced, and the brevity of time between electing a jury trial and waiving it alone does not demonstrate coercion. The post-conviction court conducted an evidentiary hearing on this issue concluded that Turner was not coerced. ECF No. 10-12 at 5. In particular, Turner's counsel had "advised Turner in the hallway outside of the courtroom that having a bench trial in front of Judge Purpura might be more favorable than electing a jury trial, Petitioner discussed the issue with his wife, and he ultimately decided to choose a bench trial based on [trial counsel's] experience." ECF No. 10-12 at 4–5. The post-conviction court

---

[5] Turner did argue that his trial counsel was ineffective *because* counsel coerced Turner into waiving his jury-trial rights. *See* ECF No. 10-12 at 4–6. However, Turner did not appeal the adverse ruling on this claim. *See* ECF No. 10-13 at 2. This claim is also procedurally defaulted.

rejected Turner's assertion that trial counsel "insisted and pressed" Turner into electing a bench trial. As the post-conviction court explained,

> The record . . . indicates that Petitioner made a "knowing" and "voluntary" waiver of his right to a jury trial and that Petitioner was not coerced by Mr. Jacobson. During the post-conviction hearing, the State played a portion of the audio recording in front of Judge Ballou-Watts in which [trial counsel] advised Petitioner of his right to elect a jury trial or a bench trial, and the differences between the two. Approximately one hour later, in front of Judge Purpura, the record shows that [trial counsel] again advised Petitioner of his right to elect a jury trial or a bench trial, and again explained the difference between the two. In response to Mr. Jacobson asking Petitioner, "Is it your decision now to have the case tried in front of a jury or Judge Purpura?" Petitioner clearly responded, "Judge Purpura." Based on the testimony before this Court at the post-conviction hearing and the record of the proceedings from September 18, 2012, this Court finds that [trial counsel] did not coerce Petitioner into waiving his right to a jury trial, the Petitioner's waiver of a jury trial was both knowing and voluntary, and Petitioner has not met the requirements under *Strickland* regarding this allegation.

ECF No. 10-12 at 5–6 (citation omitted).

Turner now points to the record evidence which established that defense counsel had advised Turner he would be "better off" with a bench trial because "there was no tangible evidence against [Turner] and there was no evidence of penetration . . . that the Judge would see this and find [Turner] not guilty and release [Turner] the same day of trial," and that because of this, Turner "felt it in his best interest to go ahead with counsel's advise [sic]," ECF No. 11 at 16–17. This colloquy does not demonstrate coercion, but rather reflects the kind of information defense counsel should (and some may say must) discuss with a defendant so that his decision is fully knowing and voluntary. That Turner ultimately was convicted does not render this exchange coercive. *Cf. Boynes*, 515 F.3d at 287–88 (contention that defendant could not have knowingly, intelligently, and voluntarily waived his right to jury trial because his relationship with his attorney was characterized by adversarial contentious interactions was not tenable); *United States v. Guerra*, 401 F. App'x 746, 748–49 (4th Cir. 2010) (guilty plea not coerced

16

despite federal agent telling defendant that he "would suffer consequences if he did not sign the plea agreement offered by the Government"); *Ravnell v. Coiner*, 320 F. Supp. 1117, 1121 (N.D.W. Va. 1970) (when defendant was presented with several options by counsel, weighed the options, and chose to plead guilty, counsel did not coerce defendant into pleading notwithstanding the "enormous pressure in having to make such a decision"); *Nesbitt v. United States*, 773 F. Supp. 795, 800 (E.D. Va. 1991) (statement that the status of defendant's motion to dismiss did not matter because the "judge is building you a gallows" not coercive). Turner's claim thus fails.

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773. When a petition is denied on procedural grounds, the petitioner meets this standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the Court finds that Turner has not made the requisite showing. Therefore, the Court declines to issue a certificate of appealability. Turner may still request that the United

17

States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## VI. Conclusion

For the reasons stated above, the Court finds that the grounds asserted by Turner in his petition for habeas corpus do not entitle him to relief. Additionally, the Court finds that Turner has not made any showing of the denial of a constitutional right. His petition is DENIED, and the Court will not issue a certificate of appealability. A separate Order follows.

<u>9/21/2018</u>                                                      <u>         /S/           </u>
Date                                                                     Paula Xinis
                                                                          United States District Judge